. AMOS BARSTOW ET AL.

v.

LACHLAN MCLACHLAN ET AL.

CHANCERY—DECREE—FORM.—The decree in this case finds the sum of $2,144.69 to be due, "together with interest thereon at the rate of six per cent. per annum, from January 17, 1876, which sum it is decreed shall be paid by the defendants within ten days," etc. This was error; the decree should have found the whole amount due, and directed its payment with legal interest from the date of entering the decree.

Error to the Circuit Court of Cook county; the Hon. E. S. Williams, Judge, presiding.   Opinion filed January 7, 1880.

Mr. J. H. Truman, for plaintiffs in error; that the lien of a mechanic is personal and if he conveys his interest the lien is lost, cited Hawley v. Warde, 4 G. Greene, 36; Richards v. Leaming, 27 Ill. 431; Keith v. Horner, 32 Ill. 524; McLaurie v. Thomas, 39 Ill. 291.

The court should have found the amount of principal and interest due: Aldrich v. Sharp, 3 Scam. 262; D'Wolf v. Long, 2 Gilm. 679.

Messrs. McCoy & Pratt, for defendants in error.

Per Curiam.   The record in this case is very voluminous and the accounts involved intricate.   There was no reference to a master, so that a report could be made and exceptions taken to specific matters, and thus present points to be reviewed by the court, but, by agreement, the whole matter was submitted to the chancellor, and we cannot say that his finding as to the amount due was unjust or erroneous, as we gather it from the words of the decree; but there is such a departure from the established forms of money decrees in this case, that we must reverse it for correction.   Instead of finding the amount due the petitioners at the time of its rendition, for principal and interest, and directing it to be paid, with legal interest thereon, the decree finds the sum of $2,144.69 to be due, "together with interest at the rate of six per cent. per annum from January 17, 1876, which sum it is decreed by the court shall be paid by the said defendants, Bangs Bros., or some one on their behalf, within ten days from the entering of this decree."   In Aldrich v. Sharp, 3 Scam. 263, the court said, as to a similar decree, "It was the duty of the court to ascertain the amount of principal and interest due on the mortgage at the time the decree was made, either by reference to the master or computation by the court, and to direct the payment of the amount thus ascertained, with legal interest thereon."

The decree also declares a first lien in favor of petitioners on

certain lots for said sum of $2,144.69, with interest thereon as aforesaid. After directing a sale by the master, he is required to apply the proceeds: (1) to pay costs and expenses; (2) " to the petitioners herein, or to such person as shall as their assignee or representative, be entitled thereto, the said sum of $2,144.69, with interest thereon at six per cent. from January 17, 1876." This clause leaves it to the master to pay over the money to such person other than the petitioners, as he may determine shall be entitled to it. This is assigned for error, and DeWolf v. Long, 2 Gilm. 681, is cited in support of that assignment. We do not think that case is in point, and cannot perceive how such a provision could prejudice the defendants in the decree. But for the other error the decree will be reversed and the cause remanded, for the purpose of entering a decree in proper form.

Reversed and remanded.